MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

FILED - GR

October 24, 2016 1:00 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mkc   SCANNED BY: ᴠS 10|25|16

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTOD

**United States District Court**

Name (under which you were convicted):

Howard James McKnight

**Western District of Michigan**

Docket or Case No.:

**1:16-cv-1260**

Gordon J Quist - U.S. District Judge
Ray Kent - Magistrate Judge

Place of confinement: Michigan Reformatory
1342 West Main Street
Ionia, Michigan 48846

Prisoner No.: 687302

Petitioner (include the name under which you were convicted)

**HOWARD JAMES MCKNIGHT**

In Pro Per.

Respondent (authorized person having custody of petitioner)

v.    **CARMEN D. PALMEN**, WARDEN

The Attorney General of the State of Michigan

## PETITION

1. (a)  Name and location of court that entered the judgment of conviction you are challenging:

   Wayne County Circuit Court, Frank Murphy Hall of Justice, 1441 St. Antoine, Detroit, MI 48226-2384

   (b)  Docket or case number (if you know):   **13-000628-FC**

2. (a)  Date of judgment of conviction (if you know):    11/22/13

   (b)  Date of sentencing:  **12/12/13**

3. Length of sentence:   **32 to 60 years**

4. In this case, were you convicted on more than one count or of more than one crime?
   ☑ Yes    ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   **1. 2 counts of Kidnapping, MCL 750.349;  2. 2 counts of Armed Robbery, MCL 750.529;  3. First degree criminal Sexual conduct, MCL 750.520b (1) (c);  4. 2 counts of felonious assault, MCL 750.82;  5. Felon in possession of a firearm, MCL 750.224f; and 6. Felony Firearm, MCL 750.227b.**

6. (a)  What was your plea?  (Check one)

   ☑  Not guilty   ☐   Nolo contendere (no contest)

   ☐  Guilty   ☐   Insanity plea

   (b)  If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? Not Applicable (hereafter N.A.)!

   (c)  If you went to trial, what kind of trial did you have?  (Check one)
   ☑  Jury  ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?
   ☐ Yes  ☑  No

- 1 -

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

8. Did you appeal from the judgment of conviction?

☑ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court:    Michigan Court of Appeals.

(b) Docket or case number (if you know):    319979

(c) Result:   Conviction and Sentence Affirmed.

(d) Date of result (if you know):    April 21, 2015

(e) Citation to the case (if you know):   Unpublished- 2015 Mich App Lexis 803.

(f) Grounds raised:

1. Officer Tinsley's opinion that a photograph of appellant reflects a composite sketch prepared by him impermissibly encroached on the province of the jury.

2. The trial court violated appellant's due process rights by permitting the prosecutor to solicit from the officer in charge opinion evidence of appellant's alleged guilt.

3. Appellant was denied a fair trial and defense trial counsel was constitutionally ineffective in failing to move for a mistrial after a police officer testified that he compared the composite sketch with a mug shot of appellant and counsel was ineffective in failing to object.

(g) Did you seek further review by a higher state court?    ☑ Yes ☐ No

If yes, answer the following:

(1) Name of court:   Michigan Supreme Court

(2) Docket or case number (if you know):   151759

(3) Result:   Leave Denied, court not persuaded that the issues should be heard by that court.

(4) Date of result (if you know):   10/28/15

(5) Citation to the case (if you know):    498 Mich 907; 870 NW2d 700 (2015)

(6) Grounds raised:

1. The testimony of Officer Tinsley's invaded the province of the jury where the officer used the computer program to create a sketch from a victim's memory and he testified that it reflects the defendant's Photograph.

2. The defense cross examination of the officer in charge, testimony was elicited to show that the investigation focused on Defendant rather than pursuing other suspects denied defendant a fair trial. And on redirect examination, the prosecutor asked the officer in charge to explain why he focused on the defendant rather than pursue other suspects, this testimony invaded the province of the jury.

3. Trial counsel was ineffective where he failed to object to the officer mentioning of a "mug shot" of a "Specific Individual" before arresting the defendant. The reference to a mug shot denied defendant a fair trial.

(h) Did you file a petition for certiorari in the United States Supreme Court?

☐ Yes ☑ No

If yes, answer the following:
(1) Docket or case number (if you know):
(2) Result:
(3) Date of result (if you know):
(4) Citation to the case (if you know):

- 2 -

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

10. Other than the direct appeal listed above, have you previously filed any other petitions, applications, or motions for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules concerning this judgment of conviction in any state court?

☐ Yes  ☑ No

11. If your answer to Question 10 was "Yes," give the following information:
   (a)  (1)  Name of court:
         (2)  Docket or case number (if you know):
         (3)  Date of result (if you know):
         (4)  Nature of the proceeding:
         (5)  Grounds raised:

         (6)  Did you receive a hearing where evidence was given on your petition, application, or motion?

            ☐ Yes  ☐ No

         (7)  Result:
         (8)  Date of result (if you know):

   (b)  If you filed any second petition, application, or motion, give the same information:
         (1)  Name of court:
         (2)  Docket or case number (if you know):
         (3)  Date of filing (if you know):
         (4)  Nature of the proceeding:
         (5)  Grounds raised:

         (6)  Did you receive a hearing where evidence was given on your petition, application, or motion?

            ☐ Yes  ☐ No

         (7)  Result:
         (8)  Date of result (if you know):
   (c)  If you filed any third petition, application, or motion, give the same information:
         (1)  Name of court:
         (2)  Docket or case number (if you know):
         (3)  Date of filing (if you know):
         (4)  Nature of the proceeding:
         (5)  Grounds raised:

         (6)  Did you receive a hearing where evidence was given on your petition, application, or motion?

            ☐ Yes  ☐ No

         (7)  Result:
         (8)  Date of result (if you know):
   (d)  Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?
         (1)  First petition:    ☐ Yes  ☐ No

         (2)  Second petition:  ☐ Yes  ☐ No

         (3)  Third petition:    ☐ Yes  ☐ No

   (e)  If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

- 3 -

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** **The State Courts decision was an objectionably unreasonable application of clearly established federal law where they held that there was no issue in the claim that Officer Tinsley's opinion that a photograph of appellant reflects a composite sketch prepared by him impermissibly encroached on the province of the jury.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

For the sake of brevity petitioner incorporates the statement of facts, from his Michigan Court of Appeals brief in his appeal of right, filed on, May 12, 2014, found attached herewith as an exhibit within the application for leave to appeal filed with the Michigan Supreme Court.

Petitioner found the Michigan Court of Appeals decision an abuse of discretion by that court wherein case law of Michigan limited the testimony of police officers and officer Tinsley's comments were within the prohibited area as cited in argument one of the application filed to appeal their decision. Petitioner was aware of the fact that the other evidence relied upon by the jury in finding "evidence" of petitioner's identity, stemmed from officer Tinsley's testimony. A fact lost on the court of appeals. The Michigan Supreme Court tolerated officer Tinsley's representation by finding no persuasion in the argument presented to them of petitioners facts to the cases relied upon.

Petitioner contends that the decisions of the Michigan Courts exhibit an objectionably unreasonable application of clearly established federal law as cited to specifics, in the brief in support of this petition, attached herewith and incorporated hereto.

(b) If you did not exhaust your state remedies on Ground One, explain why:

Not Applicable; (hereafter, N.A.)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☑ Yes  ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules?

☐ Yes  ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition:
Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐ Yes  ☐ No  N.A.

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N.A.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

N.A.

**GROUND TWO:** **The State Courts decision was an objectionably unreasonable application of clearly established federal law where they held that there was no issue in the claim that the trial court violated appellant's due process rights by permitting the prosecutor to solicit from the officer in charge opinion evidence of appellant's alleged guilt.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

For the sake of brevity petitioner incorporates the statement of facts, from his Michigan Court of Appeals brief in his appeal of right, filed on, May 12, 2014, found attached herewith as an exhibit within the application for leave to appeal filed with the Michigan Supreme Court.

Petitioner found the Michigan Court of Appeals decision an abuse of discretion by that court wherein case law of Michigan and the Federal government held opinion evidence unacceptable in trial court proceedings. Petitioner recognized that the issues stem from laws adopted by the state of michigan from provisions of the United States federal rules of evidence as noted in the adopting order of the Michigan Supreme Court at Michigan Rules of Evidence (MRE) addressing the scope of the rules and noticing that parties can challenge the wisdom, validity or meaning of a rule when a question is brought to the court judicially. This recognition provided the understanding that while Michigan could find exceptions to allow the abuse by its own provisions. The same were and are an objectionably unreasonable application of the State Courts application of the Due Process provisions of the U.S. Const, Am XIV in this case wherein, this case is similar to the facts and findings of the case that the U.S. Supreme Court has opinioned as showing a violation of due process when a prosecutor allows perjured testimony to go unchallenged. As such the adoption of rules asserted to cover the same or similar Constitutional provisions must render similar findings to given fact scenarios'. Here, where the State Supreme Court fails to correct an error, it is recognized that; While a state is usually allowed to regulate its own procedures, Due process issues can be addressed by the United States District Courts.

In this case, the Michigan Supreme Court declined to address the issue as presented by finding no persuasion in the argument presented to them of petitioners facts to the cases relied upon.

Petitioner contends that the decisions of the Michigan Courts exhibit an objectionably unreasonable application of clearly established federal law as cited to specifics, in the brief in support of this petition, attached herewith and incorporated hereto.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
☑ Yes ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

N.A.

(d) **Post-Conviction Proceedings:**

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

(1) Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal?

☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N.A.

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N.A.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

N.A.

**GROUND THREE:** **The State Courts decision was an objectionably unreasonable application of clearly established federal law where they held that there was no issue in the claim that appellant was denied a fair trial and defense trial counsel was unconstitutionally ineffective in failing to move for a mistrial after police officer testified that he compared the composite sketch with a mug shot of appellant and counsel was ineffective in failing to object.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

For the sake of brevity petitioner incorporates the statement of facts, from his Michigan Court of Appeals brief in his appeal of right, filed on, May 12, 2014, found attached herewith as an exhibit within the application for leave to appeal filed with the Michigan Supreme Court.

In this case, the prosecutors' theory of the case was based upon the testimonial positions of the law enforcement officers assigned to the case. Petitioner found the courts position objectionable wherein the individual issues on the record were an objectionably unreasonable application of the law as exhibited

- 6 -

"On the whole record" as jointly there was insufficient evidence to convict, and yet the state courts subscribed to a denial of the appeal raising significant issues relevant to the testimony of witnesses held to specified standards by the courts of the United States and Michigan until evidenced to this record.

On the record Detroit Police Officer Ali Jaber stated that he received an anonymous tip naming petitioner, yet he never divulged the recorded message providing the anonymous tip, or listed the person consulted for information leading to the anonymous tip. Officer Jaber then ran the name on LEIN and determined that the petitioner had an outstanding warrant which he revealed to the jury with the additional information that Petitioners mug shot was compared with a sketch and officer Jaber determined of his own volition that the mug shot bore a strong resemblance to the Sketch. Neither the prosecutor nor defense counsel objected to or corrected the record despite procedure requirements that such and the same be done in Michigan. Defense counsel should have moved for a mistrial and the court should have ensured that the court officers complied with requirements of their duty to ensure that this defendant got a fair trial and was competently represented by trial counsel. The absent of foundational status provided by Michigan law and procedure when presented to the state courts on the basis of United States Judicial precedent exhibited an objectionably unreasonable application of federal law and this court should grant petitioners request for a habeas corpus.  See also, legal argument of Defendant's Michigan Court of Appeals Brief.

(b)  If you did not exhaust your state remedies on Ground Three, explain why:


(c)  **Direct Appeal of Ground Three:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

☑ Yes    ☐ No

(2)  If you did <u>not</u> raise this issue in your direct appeal, explain why:


(d)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules?
☐ Yes  ☑ No

(2)  If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition:
Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion or petition?  ☐ Yes   ☐ No

(4)  Did you appeal from the denial of your motion or petition?  ☐ Yes    ☐ No

(5)  If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal?
☐ Yes ☐ No  N.A.

(6)  If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed:
N.A.
Docket or case number (if you know):
Date of the court's decision:

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
N.A.

(e)  **Other Remedies:**  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:
N.A.

**GROUND FOUR:**  N.A.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim):

N.A.

(b)  If you did not exhaust your state remedies on Ground Four, explain why:

(c)  **Direct Appeal of Ground Four:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes   ☐ No

(2)  If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in a motion for relief from judgment pursuant to Subchapter 6.500 of the Michigan Court Rules?

☐ Yes   ☐ No

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4)  Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5)  If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal?

☐ Yes   ☐ No

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

- 8 -

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:
N.A.

13. Please answer these additional questions about the petition you are filing:
(a) Have all the grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?
☑ Yes  ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:
**N.A.**

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you are challenging in this petition?
☐ Yes  ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?
☐ Yes  ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:  James C. Howarth, P15179. 615 Griswold St. Ste 820, Detroit, MI 48226
(b) At arraignment and plea:  In pro per
(c) At trial:  James C. Howarth, P15179. 615 Griswold St. Ste 820, Detroit, MI 48226
(d) At sentencing:  James C. Howarth, P15179. 615 Griswold St. Ste 820, Detroit, MI 48226
(e) On appeal:  Jonathan B.D. Simon P35596, P.O. Box 2373, Birmingham, MI 48012-2373
(f) In any post-conviction proceeding:  N.A.
(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment you are challenging?
☐ Yes  ☑ No

(a) If so, give the name and location of the court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:
(c) Give the length of the other sentence:

MIED (Rev 1/31/05) Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

(d)  Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?

☐ Yes   ☐ No

THEREFORE, Petitioner asks that the Court grant the following relief:  order the habeas corpus granted or any other relief to which petitioner may be entitled.

_____N.A._____

Signature of attorney

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on the _____ day of October 2016

Executed (signed) on October   , 2016

*Howard S. McKnight*

Howard James McKnight, # 687302

If the person signing is not Petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

- 10 -

Mr. Howard James McKnight, 687302
Michigan Reformatory
1342 West Main St.
Ionia, Mi 48846

Clerk of the Court,
United States District Court
Western District of Michigan
Federal Bldg
110 Michigan Ave.
Grand Rapids, Mi 49503



UNITED STATES
POSTAL SERVICE ®

USPS TRACKING #

LAB400R Aug. 2013
7690-17-000-0669

9114 9999 4431 4733 9601 64