UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED - GR**
October 24, 2016 1:00 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mkc  SCANNED BY: MS 10/25/16

**HOWARD JAMES MCKNIGHT,**
Petitioner,

v.

**CARMEN D. PALMER**, Warden,
Respondent.

_____/

Case No:

Honorable:

**1:16-cv-1260**
Gordon J Quist - U.S. District Judge
Ray Kent - Magistrate Judge

**BRIEF IN SUPPORT OF WRIT OF HABEAS CORPUS**

By:   Mr. Howard James McKnight, # 687302
      Petitioner *Pro Se*[*]
      Michigan Reformatory
      1342 West Main Street
      Ionia, Michigan 48846

_____

[*] PLEASE TAKE NOTICE that this pleading is being prepared with the assistance of a non-attorney Legal Writer within the Michigan Department of Corrections.

# TABLE OF CONTENTS

Index of Authority ................................................................................................ iii

Statement of Questions Presented ...................................................................... vi

Standard of Review Pursuant to AEDPA ........................................................... vii

Statement of Facts ................................................................................................ 1

**Issue I The State Courts decision was an objectionably unreasonable application of clearly established federal law where they held that there was no issue in the claim that Officer Tinsley's opinion that a photograph of appellant reflects a composite sketch prepared by him impermissibly encroached on the province of the jury. ...................................... 3**

**Issue II The State Courts decision was an objectionably unreasonable application of clearly established federal law where they held that there was no issue in the claim that the trial court violated appellant's due process rights by permitting the prosecutor to solicit from the officer in charge opinion evidence of appellant's alleged guilt. ............................... 6**

**Issue III The State Courts decision was an objectionably unreasonable application of clearly established federal law where they held that there was no issue in the claim that Appellant was denied a fair trial and defense trial counsel was unconstitutionally ineffective in failing to move for a mistrial after police officer testified that he compared the composite sketch with a mug shot of appellant and counsel was ineffective in failing to object. ....................................................................................... 8**

Relief Requested ................................................................................................. 12

## INDEX OF AUTHORITY

**Cases:**

*Bailey v Mitchell*, 271 F.3d 652 (6th Cir. 2001)................................................................ ix

*Barefoot v Estelle*, 463 U.S. 880; 103 S.Ct. 3383; 77 L.Ed.2d 1090 (1983) ................................. ix

*Bell v Cone*, 535 U.S. 685; 122 S.Ct. 1843; 152 L.Ed.2d 914 (2002) ..................................... ix, xiv

*Bradshaw v Richey*, 546 U.S. 74; 126 S.Ct. 602; 163 L.Ed.2d 407 (2005)................................ xvi

*Brown v Payton*, 544 U.S. 133; 125 S.Ct. 1432; 161 L.Ed.2d 334 (2005)................................ xiii

*Campbell v Vaughn*, 209 F.3d 280 (3rd Cir. 2000)........................................................... xvi

*Carey v Musladin*, 549 U.S. 70; 127 S.Ct. 649; 166 L.Ed.2d 482 (2006) ................................. xii

*Cullen v Pinholster*, 563 U.S. 170; 131 S.Ct. 1388; 179 L.Ed.2d 557 (2011)........................... xvi

*Daniels v Lafler*, 501 F.3d 735 (6th Cir. 2007) .............................................................. xiv

*Daubert v Merrell Dow Pharms,* 509 U.S. 579; 113 S.Ct. 2786; 125 L.Ed.2d 469 (1993).

................................................................................. 4, 6, 7, 8, 10, 11, 12.

*Early v Packer*, 537 U.S. 3; 123 S.Ct. 362; 154 L.Ed.2d 263 (2002)................................xii, xiii

*Earp v Ornoski*, 431 F.3d 1158 (9th Cir. 2005) ............................................................ xi

*Evans v Thompson*, 518 F.3d 1 (1st Cir. 2008) ............................................................ xi

*Gilbert v Daimler Chrysler Corp,* 470 Mich 749; 685 NW2d 391 (2000)................... 4, 7, 11

*Greene v Fisher*, 565 U.S. 34; 132 S.Ct. 38; 181 L.Ed.2d 336 (2011).................................. xi

*Harrington v Richter*, 562 U.S. 86; 131 S.Ct. 770; 178 L.Ed.2d 624 (2011)....................ix, xiv, xv

*Herbert v Billy*, 160 F.3d 1131 (6th Cir. 1998) .............................................................x

*Holder v Palmer*, 588 F.3d 328 (6th Cir. 2009) ........................................................... xiii

*Knowles v Mirzayance*, 556 U.S. 111; 129 S.Ct. 1411; 173 L.Ed.2d 251 (2009)..........................xv

*Kumho Tire Co. Ltd v Carmichael,* 526 U.S. 137; 119 S.Ct. 1167; 143 L.Ed.2d 238 (1999). 4,7,11

*Lisenba v California, 314* U.S. 219; 62 S.Ct. 280; 86 L.Ed 166 (1941) ............................ 9

*Lockyer v Andrade*, 538 U.S. 63; 123 S.Ct. 1166; 155 L.Ed.2d 144 (2003) ............................... xiii

*Lovell v Duffey*, 629 F.3d 587 (6th Cir. 2011). Vacated and remanded __ U.S. __; 132 SCt 1790; 182 L.Ed.2d 613 (2012). ......................................................................................................................... xiii

*Lundgren v Mitchell*, 440 F.3d 754 (6th Cir. 2006) ............................................................xv

*Marshall v Lonberger*, 459 U.S. 422; 103 S.Ct. 843; 74 L.Ed.2d 646 (1983) ............................ xvi

*Martin v Hunter's Lessee*, 14 U.S. (1 Wheat) 304; 4 L.Ed. 97 (1816) .......................................... xi

*Mickens v Taylor*, 535 U.S. 162; 122 S.Ct. 1237; 152 L.Ed.2d 291 (2002) ................................... xi

*Miller-El v Cockrell*, 537 U.S. 322; 123 S.Ct. 1029; 154 L.Ed.2d 931 (2003) ............................. ix

*Mitchell v Esparza*, 540 U.S. 12; 124 S.Ct. 7; 157 L.Ed.2d 263 (2004) ....................................... xiii

*Oviedo v Jago*, 809 F.2d 326 (6th Cir. 1987)...................................................................... ix

*People v Unger, 278* Mich 210, 749 NW2d 272 (2008) ................................... 3, 6, 8, 10

*Ponnapula v Spitzer*, 297 F.3d 172 (2nd Cir. 2002)............................................................... ix

*Price v Vincent*, 538 U.S. 634; 123 S.Ct. 1848; 155 L.Ed.2d 877 (2003) .................................... xii

*Rashad v Walsh*, 300 F.3d 27 (1st Cir. 2002)...................................................................... xiii

*Renico v Lett*, 559 U.S. 766; 130 S.Ct. 1855; 176 L.Ed.2d 678 (2010)......................................xv

*Rice v Collins*, 546 U.S. 333; 126 S.Ct. 969; 163 L.Ed.2d 824 (2006) ....................................... xvi

*Rice v White*, 660 F.3d 242 (6th Cir. 2011)....................................................................... ix

*Robinson v Polk*, 438 F.3d 350 (4th Cir. 2006)..................................................................... xiv

*Santellan v Cockrell*, 271 F.3d 190 (5th Cir. 2001) ............................................................... xiii

*Sawyer v Smith*, 497 U.S. 227; 110 S.Ct. 2822; 111 L.Ed.2d 193 (1990) .................................... xii

*Schriro v Landrigan*, 550 U.S. 465; 127 S.Ct. 1933; 167 L.Ed.2d 386 (2007) ..................... xiii, xv

*Smith v Phillips*, 455 U.S. 209; 102 S.Ct. 940; 71 L.Ed.2d 78 (1982) ......................................... ix

iv

*Strickland v Washington*, 466 U.S. 668; 104 S.Ct. 2051; 80 L.Ed.2d 674 (1984)........................xv

*Thaler v Haynes*, 559 U.S. 43; 130 S.Ct. 1171; 175 L.Ed.2d 1003 (2010) .................................. xi

*Uttecht v Brown*, 551 U.S. 1; 127 S.Ct. 2218; 167 L.Ed.2d 1014 (2007)..................................... ix

*West v Bell*, 550 F.3d 542 (6th Cir. 2008) ..................................................................... xiii

*Wiggins v Smith*, 539 U.S. 510; 123 S.Ct. 2527; 156 L.Ed.2d 471 (2003)........................................x

*Williams v Taylor*, 529 U.S. 362; 120 S.Ct. 1495; 146 L.Ed.2d 389 (2000)...................................x

*Wilson v Ozmint*, 352 F.3d 847 (4th Cir. 2003)................................................................ xiv

*Wood v Allen*, 558 U.S. 290; 130 S.Ct. 841; 175 L.Ed.2d 738 (2010) ........................................ xvi

*Woodford v Visciotti*, 537 U.S. 19; 123 S.Ct. 357; 154 L.Ed.2d 279 (2002) ............................ x, xiii

*Wright v VanPatten*, 552 U.S. 120; 128 S.Ct. 743; 169 L.Ed.2d 583 (2008)................................ xii

*Yarborough v Alvarado*, 541 U.S. 652; 124 S.Ct. 2140; 158 L.Ed.2d 938 (2004) ................... xi, xv

**Statutes:**

Anti-Terrorism and Effective Death Penalty Act (AEDPA) ...................................... ix, x, xi, xii, xiv

28 U.S.C. §2254(d).............................................................................. ix, x, xii. xiv

28 U.S.C. §2254(d)(1) ............................................................................... x, xi

28 U.S.C. §2254(d) (2) .................................................................................xv

28 U.S.C. §2254(e) (1)..................................................................................xv

**Michigan Court Rule:**

Rules of Evidence (2016) version pg 689-690, of Mich. Ct. R. ................................... 6, 7

## STATEMENT OF QUESTIONS PRESENTED

I. Was the State Courts decision an objectionably unreasonable application of clearly established federal law where they held that there was no issue in the claim that officer Tinsley's opinion that a photograph of appellant reflects a composite sketch prepared by him impermissibly encroached on the province of the jury.

      Petitioner says: "YES"

      The State of Michigan says: "NO"

II. Was the State Courts decision an objectionably unreasonable application of clearly established federal law where they held that there was no issue in the claim that the trial court violated appellant's due process rights by permitting the prosecutor to solicit from the officer in charge opinion evidence of appellant's alleged guilt?

      Petitioner says: "YES"

      The State of Michigan says: "NO"

III. Was the State Courts decision an objectionably unreasonable application of clearly established federal law where they held that there was no issue in the claim that appellant was denied a fair trial and defense trial counsel was constitutionally ineffective in failing to move for a mistrial after police officer testified that he compared the composite sketch with a mug shot of appellant and counsel was ineffective in failing to object.

      Petitioner says: "YES"

      The State of Michigan says: "NO"

## STANDARD OF REVIEW PURSUANT TO AEDPA

Congress mandated the standards of review in federal habeas proceedings in 1996 in AEDPA and it "prevent[s] federal habeas 'retrials'" and ensures that state-court convictions are given effect to the extent possible under the law. *Bell v Cone*, 535 U.S. 685, 693-694; 122 S.Ct. 1843; 152 L.Ed.2d 914 (2002). AEDPA "drastically changed" the nature of habeas review. *Bailey v Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). "The limitations imposed by AEDPA are several and significant." *Rice v White*, 660 F.3d 242, 250 (6th Cir. 2011). The requirements of AEDPA "create an independent, high standard to be met before a federal court may issue a writ of habeas corpus to set aside state-court rulings." *Uttecht v Brown*, 551 U.S. 1, 10; 127 S.Ct. 2218; 167 L.Ed.2d 1014 (2007). "Federal courts are not forums in which to relitigate state trials." *Barefoot v Estelle*, 463 U.S. 880, 887; 103 S.Ct. 3383; 77 L.Ed.2d 1090 (1983). "A federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v Cockrell*, 537 U.S. 322, 340; 123 S.Ct. 1029; 154 L.Ed.2d 931 (2003). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v Phillips*, 455 U.S. 209, 221; 102 S.Ct. 940; 71 L.Ed.2d 78 (1982).

Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunction in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v Richter*, 562 U.S. 86; 131 S.Ct. 770, 786; 178 L.Ed.2d 624 (2011). Federal courts performing habeas review do not act as "super-appellate state courts." *Ponnapula v Spitzer*, 297 F.3d 172, 182 (2nd Cir. 2002). "The federal habeas court does not act as an additional state appellate court to review a state court's interpretation of its own law or procedure." *Oviedo v Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

A federal court's "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v Visciotti*, 537 U.S. 19, 24; 123 S.Ct. 357; 154 L.Ed.2d 279 (2002).

Congress has limited the availability of federal habeas corpus relief "with respect to any claim" the state courts "adjudicated on the merits." 28 U.S.C. § 2254(d). Habeas relief may not be granted to Petitioner under § 2254(d) unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or

> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

With respect to § 2254(d)(1), a state court decision is "contrary to" federal law only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v Taylor*, 529 U.S. 362, 412-413; 120 S.Ct. 1495; 146 L.Ed.2d 389 (2000). A state court decision "involves an unreasonable application of clearly established Federal law" pursuant to § 2254(d) (1) if "'the state court identifies the correct governing legal principle from [the Supreme] Court decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v Smith*, 539 U.S. 510, 520; 123 S.Ct. 2527; 156 L.Ed.2d 471 (2003) (quoting *Williams*, 529 U.S. at 413).

AEDPA restricts the body of law a habeas court may consider. By its terms, AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d) (1). This provision marks a "significant change' and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v Billy*, 160 F.3d

1131, 1134 (6th Cir. 1998). Because "[s]tate courts are not bound by the dictates of the lower federal courts," "a lower federal court's application of Supreme Court precedent is not inherently any more 'right' or 'correct' than that of state courts." *Evans v Thompson*, 518 F.3d 1, 8 (1st Cir. 2008). "It is the Supreme Court, and the Supreme court alone, that has the 'revising authority' to 'control [the state courts'] jarring and discordant judgments, and harmonize them into uniformity.'" *Id.* at 8 n. 3 (quoting *Martin v Hunter's Lessee*, 14 U.S. (1 Wheat.) 304, 348; 4 L.Ed. 97 (1816)); see also *Thaler v Haynes*, 559 U.S. 43; 130 S.Ct. 1171, 1175; 175 L.Ed.2d 1003 (2010) ("[W]e hold that no decision of this Court clearly establishes the categorical rule on which the Court of Appeals appears to have relied."). See also, e.g., *Mickens v Taylor*, 535 U.S. 162, 174; 122 S.Ct. 1237; 152 L.Ed.2d 291 (2002) (clarifying that, despite federal court of appeals' "unblinking" application of conflict-of-interest standard to various situations, the Supreme Court had never extended the standard to conflicts other than concurrent joint representation). See also *Earp v Ornoski*, 431 F.3d 1158, 1184 n. 23 (9th Cir. 2005) (describing habeas petitioner's reliance on circuit-court authority as "futile" because, "post-AEDPA [,] only Supreme Court holdings are binding on state courts"). See also *Yarborough v Alvarado*, 541 U.S. 652, 666; 124 S.Ct. 2140; 158 L.Ed.2d 938 (2004) ("Section 2254(d) (1) would be undermined, if habeas courts introduced rules not clearly established under the guise of extensions to existing law."). Thus, under ADEPA, if there is no "clearly established Federal law, as determined by the Supreme Court" that supports a habeas petitioner's legal argument, the argument must fail. *See* 28 U.S.C. § 2254(d) (1); *Taylor*, 529 U.S. at 412.

As *Greene v Fisher*, 565 U.S. 34; 132 S.Ct. 38, 44-45; 181 L.Ed.2d 336 (2011), recently explained "clearly established Federal law" referred to in § 2254(d) (1) includes Supreme Court decisions at the time of the state-court adjudication on the merits but does not include Supreme

ix

Court decisions issued after the state court merits decision but before the Petitioner's conviction becomes final. This is so because the purpose of federal collateral review is to uphold final state court judgments that were valid when entered, not as a "mechanism for the continuing reexamination of final judgments." *Sawyer v Smith*, 497 U.S. 227, 234; 110 S.Ct. 2822; 111 L.Ed.2d 193 (1990).

The Supreme Court has taken a narrow view on what constitutes "clearly established law." In *Carey v Musladin*, 549 U.S. 70, 76; 127 S.Ct. 649; 166 L.Ed.2d 482 (2006), the Supreme Court reversed a grant of habeas corpus relief because the issue in question – whether the defendant's right to a fair trial was violated when the victim's family sat in the courtroom wearing buttons with the victim's photograph – had never been addressed by the Supreme Court. Similarly, in *Wright v Van Patten*, 552 U.S. 120, 124; 128 S.Ct. 743; 169 L.Ed.2d 583 (2008), the Supreme Court reversed a grant of habeas corpus relief because there was no Supreme Court precedent establishing that counsel's appearance by telephone amounted to a complete denial of defendant's right to counsel. The only federal law that can be clearly established under § 2254(d) is Supreme Court precedent interpreting the Constitution. *Early v Packer*, 537 U.S. 3, 10; 123 S.Ct. 362; 154 L.Ed.2d 263 (2002). Indeed, Supreme Court decision not based on constitutional grounds, e.g., decisions based on the Court's supervisory powers are "off the table as far as § 2254(d) is concerned." *Id*

Further, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly." *Price v Vincent*, 538 U.S. 634, 641; 123 S.Ct. 1848; 155 L.Ed.2d 877 (2003). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially

higher threshold." *Schriro v Landrigan*, 550 U.S. 465, 473; 127 S.Ct. 1933; 167 L.Ed.2d 836 (2007).

A federal habeas court "fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." *Lockyer v Andrade*, 538 U.S. 63, 75; 123 S.Ct. 1166; 155 L.Ed.2d 144 (2003). Even if the state appellate court's decision was a close call, that fact militates against the conclusion that the state court's application of the relevant Supreme Court precedent was objectively unreasonable. *Lovell v Duffey*, 629 F.3d 587, 598 (6th Cir. 2011), vacated and remanded ___ U.S. ___; 132 S.Ct. 1790; 182 L.Ed.2d 613 (2012). Indeed, even when the state court decision in fact is incorrect, it is not grounds for relief in a federal habeas court unless the decision also was unreasonable. *Brown v Payton*, 544 U.S. 133, 141; 125 S.Ct. 1432; 161 L.Ed.2d 334 (2005); see also *Mitchell v Esparza*, 540 U.S. 12, 16-18; 124 S.Ct. 7; 157 L.Ed.2d 263 (2004) (not unreasonable for state court to find harmless the failure to charge an element of the crime in the indictment); *Packer*, 537 U.S. at 8 (state court decision may be reasonable even if state court did not know Supreme Court governing law); *Woodford*, 537 U.S. at 24-25 (benefit of doubt must be given to reasonableness of state court decision).

It is the result to which deference is owed, not the opinion expounding it. As explained in *Rashad v Walsh*, 300 F.3d 27, 45 (1st Cir. 2002), it "is not our function . . . to grade a state court opinion as if it were a law school examination." Even '[t]hough the state court clearly applied an incorrect standard," we must nonetheless decide whether "it reached the correct outcome." *West v Bell*, 550 F.3d 542, 554 (6th Cir. 2008). This habeas court ultimately "review[s] for reasonableness the state court's ultimate decision, not every jot of its reasoning." *Santellan v Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001). Indeed, deference must be given even in cases "where the state court's reasoning is flawed or abbreviated." *Holder v Palmer*, 588 F.3d 328,

341 (6th Cir. 2009). In habeas review, however, the federal courts look at the "result that the state court reached, not 'whether [its decision] [was] well-reasoned.'" *Robinson v Polk*, 438 F.3d 350, 358 (4th Cir. 2006) (quoting *Wilson v Ozmint*, 352 F.3d 847, 855 (4th Cir. 2003)). But, as explained in *Daniels v Lafler*, 501 F.3d 735, 740 (6th Cir. 2007), a state court's resolution of an issue in the Petitioner's favor is not entitled to deference under AEDPA because the "standard of review is a precondition to the grant of habeas relief . . . not an entitlement to it."

Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Richter*, 131 S.Ct. at 786. Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 787-788.

In *Bell v Cone*, the Supreme Court reiterated that the federal courts may not conduct a de novo review of claims rejected on their merits by the state court: "a federal habeas court may not issue a writ . . . simply because a federal habeas court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Cone*, 535 U.S. at 694.

The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 131 S.Ct. at 786. Furthermore, the Court reiterated that the AEDPA requires federal habeas courts to review state court decisions with "deference and latitude," and "[a] state court's determination that a claim lacks merit

precludes habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S.Ct. at 785-786 (quoting *Yarborough*, 541 U.S. at 664). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S.Ct. at 786.

The Supreme Court has also consistently drawn a distinction between state court decisions applying a broad constitutional standard and those that apply a narrow rule. As explained in *Yarborough v Alvarado*, where a general standard is at issue, state court decisions are given greater leeway:

> If a legal rule is specific, the range may be narrow. Applications of the rule may be plainly correct or incorrect. Other rules are more general, and their meaning must emerge in application over the course of time. Applying a general standard to a specific case can demand a substantial element of judgment. As a result, evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations.

*Yarborough*, 541 U.S. at 664; see also *Renico v Lett*, 559 U.S. 766; 130 S.Ct. 1855, 1864; 176 L.Ed.2d 678 (2010). Open-ended standards give states wide berth on habeas review. *Richter*, 131 S.Ct. at 786. Thus, e.g., in *Knowles v Mirzayance*, 556 U.S. 111, 114; 129 S.Ct. 1411; 173 L.Ed.2d 251 (2009), the Court held that ineffective-assistance-of-counsel claims must be given extra latitude in light of the general nature of the rule: "[B]ecause the *Strickland*[1] standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."

Furthermore, with respect to § 2254(d)(2), a determination of a factual issue made by the state courts shall be presumed correct and may be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e) (1); *Landrigan*, 550 U.S. at 473-74. Facts found by a state appellate court enjoy the same presumption. See *Lundgren v Mitchell*, 440 F.3d 754, 763 (6th

---

[1] *Strickland v Washington*, 466 U.S. 668; 104 S.Ct. 2052; 80 L.Ed.2d 674 (1984).

Cir. 2006).  Where a state court's factual findings are not made explicit, a federal court's "duty is to begin with the [state] court's legal conclusion and reason backward to the factual premises that, as a matter of reason and logic, must have undergirded it." *Campbell v Vaughn*, 209 F.3d 280, 289 (3rd Cir. 2000) ("[A]n implicit finding of fact is tantamount to an express one, such that deference is due to either determination.").  In determining what implicit factual findings a state court made in reaching a conclusion, a federal court must infer that the state court applied federal law correctly. *Id.* (citing *Marshall v Lonberger*, 459 U.S. 422, 433; 103 S.Ct. 843; 74 L.Ed.2d 646 (1983)).  "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v Allen*, 558 U.S. 290; 130 S.Ct. 841, 849; 175 L.Ed.2d 738 (2010); see also *Rice v Collins*, 546 U.S. 333, 339; 126 S.Ct. 969; 163 L.Ed.2d 824 (2006) (noting that even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's . . . determination").

It is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas review." *Bradshaw v Richey*, 546 U.S. 74, 76; 126 S.Ct. 602; 163 L.Ed.2d 407 (2005).

Lastly, the Supreme Court has recently held that "review under § 2254(d) (1) focuses on what a state court knew and did." *Cullen v Pinholster*, 563 U.S. 170; 131 S.Ct. 1388, 1399; 179 L.Ed.2d 557 (2011).  Therefore, review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* at 1398.

xiv

## STATEMENT OF FACTS

Howard James McKnight was before the Wayne County Circuit Court in Detroit Michigan and charged with crimes being; two counts of Kidnapping, MCL 750.349; two counts of armed robbery, MCL 750.529; first degree criminal sexual conduct, MCL 750.520b(1)(c); two counts of felonious assault, MCL 750.82; Felon in possession of a firearm, MCL 750.224f; and felony firearm, MCL 750.227b. A Wayne County Circuit Court Jury found Mr. McKnight guilty as charged. Mr. Howard James McKnight was sentenced in the Wayne County Circuit Court to concurrent terms of 30 to 60 years for kidnapping; 25 to 60 years for armed robbery; 2 to 4 years for felonious assault. And 1 to 5 for felon in possession of a firearm, consecutive to 30 to 60 years for criminal sexual conduct; consecutive to 2 years for felony firearm. For the sake of brevity, Mr. Howard James McKnight incorporates by reference the Statement of Facts from his Michigan Court of Appeals brief in his appeal of right, filed on, May 12, 2014 found attached hereto as an exhibit within the application for leave to appeal filed with the Michigan Supreme Court, exhibited herewith.

Mr. McKnight appealed to the Michigan Court of Appeals through appellate counsel, Mr. Jonathan B.D. Simon (P35596).  The Court of Appeals denied relief on April 21, 2015. Thereafter Mr. McKnight filed an application for leave to appeal in the Michigan Supreme Court raising the same issues that Mr. Simon raised in the Court of Appeals.  The Michigan Supreme Court denied leave to appeal on October 28, 2015. See copy attached herewith and incorporated hereto. Petitioner contends that the decisions rendered by the Michigan Courts were an objectionably unreasonable application of the law(s) as expounded upon by the United States Supreme Court, wherefore further review is sought.

This Petition for Writ of Habeas Corpus and brief in support is filed within the time limit

1

set forth in 28 U.S.C. §2254.

## ISSUE I

**THE STATE COURTS DECISION WAS AN OBJECTIONABLY UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW WHERE THEY HELD THAT THERE WAS NO ISSUE IN THE CLAIM THAT OFFICER TINSLEY'S OPINION THAT A PHOTOGRAPH OF APPELLANT REFLECTS A COMPOSITE SKETCH PREPARED BY HIM IMPERMISSIBLY ENCROACHED ON THE PROVINCE OF THE JURY.**

## DISCUSSION

For the sake of brevity, petitioner incorporates by reference the Statement of Facts, and issue one from his Michigan Court of Appeals brief in his appeal of right, filed on, May 12, 2014, found attached herewith as an exhibit within the Application for leave to appeal filed in the Michigan Supreme Court.

The Michigan Court of Appeals asserted in its opinion that:

The court reviewed the issue for an abuse of discretion of the trial court's ruling on an evidentiary ruling, as prescribed for by *People v Unger*, 278 Mich App 210, 216; 749 NW2d 272 (2008). Petitioner notes that his position recognizes that the Michigan Rules of Evidence, at page 789-690 in the adopting order of the 2016 Michigan Supreme Court State at paragraph 4, it states in pertinent part that: … pronouncement found in the original federal rules of evidence, from which the Michigan Rules of evidence were adopted. Petitioner contends that the use of federal rules in the adoption of the state court procedures, afforded that similar application by the state as exercised by the federal courts exhibited that error existed in the state court determinations when the United States Supreme Court had held similar matters irregular in the use of the federal rules of evidence to federal cases.

Petitioner contends that the state courts made an objectionably unreasonable determination, wherein The *Unger* Court noted that; "under Michigan Evidentiary law, which

3

incorporates the requirements of the U.S. Supreme Court decision in *Daubert v Merrell Dow Pharms*, 509 U.S. 579; 113 S.Ct. 2786; 125 L.Ed 469 (1993), foot noting a reference to *Gilbert v Daimler Chrysler Corp.*, 470 Mich 749; 685 NW2d 391 (2004), wherein the court noted that *Daubert* had concluded from the similar language in the federal rules of evidence 702 that; 'the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." Emphasis added. The *Gilbert* court noted that Michigan trial courts obligation under Michigan Rules of Evidence (702) is even stronger than that contemplated by FRE 702 at foot note 46, page 780 in *Gilbert*.

The *Gilbert* court noted further that; While the exercise of this gatekeeper role is within the courts discretion, a trial judge may neither 'abandon' this obligation nor 'perform the function inadequately, 'foot note 47 citing reliance on *Kumho Tire Co ltd v Carmichael*, 526 U.S. 137, 158-59; 119 S.Ct 1167; 143 LEd2d 238 (1999), in *Daubert* the proponent of expert testimony must establish that the testimony is reliable by showing that it is based on significant facts or data, that it "is the product of reliable principals and methods," and that the proposed expert witness "has applied the principals and methods reliably to the facts of the case." The *Unger* court noted that; "pursuant to *Daubert* and Mich. R. Evid 702, 'the trial courts role as gatekeeper does not require it to search for absolute truth, to admit only uncontested evidence or to resolve genuine scientific disputes. ....

Then referencing *Daubert,* supra at 589-590 an experts opinion is admissible if it is based on the "methods and procedures of science" rather than the subjective belief or unsupported speculation," id. at 590. The *Daubert* court continued at page 590 and stated that; In short the requirement that an experts testimony pertain to "scientific knowledge" establishes a standard of evidentiary reliability. Referencing foot note 9, where court noted that scientist typically

4

distinguish between "validity" (does the principal support what it purports to show?) and "Reliability" (does application of the principal produce consistent results?) Petitioner contends that the decision of the Michigan Court of Appeals is an objectionably unreasonable application of the standards set forth and adopted in *Daubert* and this court should grant the writ requested in this Petition.

The Michigan Supreme Court declined to make a ruling other than simply denying leave to appeal. Wherefore this writ should be granted.

## ISSUE II

**THE STATE COURTS DECISION WAS AN OBJECTIONABLY UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW WHERE THEY HELD THAT THERE WAS NO ISSUE IN THE CLAIM THAT THE TRIAL COURT VIOLATED APPELLANTS DUE PROCESS RIGHTS BY PERMITTING THE PROSECUTOR TO SOLICIT FROM THE OFFICER IN CHARGE OPINION EVIDENCE OF THE APPELLANTS ALLEGED GUILT.**

For the sake of brevity, petitioner incorporates by reference the Statement of Facts from his Michigan Court of Appeals brief in his appeal of right, filed on, May 12, 2014, found attached herewith as an exhibit within the Application for leave to appeal filed in the Michigan Supreme Court.

In issue two the court of appeals referencing issue II, relied again upon the case of *People v Unger*, 278 Mich App 210, 216; 749 NW2d 272 (2008) in making its determination, as noted on page 2 & 3 of the Court of Appeal decision dated April 12, 2015 and attached hereto as an exhibit in the Application for Leave to Appeal submitted to the Michigan Supreme Court. Officer Kane's testimony regarding opinion information was definitely acquired with the impression of his being an expert in the matters and the presentation to the jury was unwarranted on the record herewith.

Again the petitioner is compelled to note the objectionably unreasonable application of the U.S. Supreme Court's position held in *Daubert v Merrell Dow Pharms*, 509 U.S. 579; 113 S.Ct. 2786; 125 L.Ed. 469 (1993) upon which the *Unger* court relied and noted had been adopted by the State of Michigan.

In this case the Michigan Court of Appeals reviewed the issue for an abuse of discretion of the trial court's ruling on an evidentiary ruling, as prescribed for by *People v Unger*, supra. Petitioner notes that his position recognizes that the Michigan Rules of Evidence, at page 689-

- 6 -

690 in the adopting order of the 2016 Michigan Supreme Court State at paragraph 4, it states in pertinent part that: … pronouncement found in the original federal rules of evidence, from which the Michigan Rules of evidence were adopted. Petitioner contends that the use of federal rules in the adoption of the state court procedures, afforded that similar application by the state as exercised by the federal courts exhibited that error existed in the state court determinations when the United States Supreme Court had held similar matters irregular in the use of the federal rules of evidence to federal cases.

Petitioner contends that the state courts made an objectionably unreasonable determination, wherein The *Unger* Court noted that; "under Michigan Evidentiary law, which incorporates the requirements of the U.S. Supreme Court decision in *Daubert v Merrell Dow Pharms*, 509 U.S. 579; 113 S.Ct. 2786; 125 L.Ed 469 (1993), foot noting a reference to *Gilbert v Daimler Chrysler Corp.*, 470 Mich 749, wherein the court noted that *Daubert* had concluded from the similar language in the federal rules of evidence 702 that; 'the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." Emphasis added. The *Gilbert* court noted that Michigan trial courts obligation under Michigan Rules of Evidence (702) is even stronger than that contemplated by FRE 702 at foot note 46, page 780 in *Gilbert*.

The *Gilbert* court noted further that; While the exercise of this gatekeeper role is within the courts discretion, a trial judge may neither  'abandon' this obligation nor 'perform the function inadequately, 'foot note 47 citing reliance on *Kumho Tire Co ltd v Carmichael*, 526 U.S. 137, 158-59; 119 S.Ct 1167; 143 LEd2d 238 (1999), in *Daubert* the proponent of expert testimony must establish that the testimony is reliable by showing that it is based on significant facts or data, that it "is the product of reliable principals and methods," and that the proposed

expert witness "has applied the principals and methods reliably to the facts of the case." The *Unger* court noted that; "pursuant to *Daubert* and Mich. R. Evid 702, 'the trial courts role as gatekeeper does not require it to search for absolute truth, to admit only uncontested evidence or to resolve genuine scientific disputes. ....

Then referencing *Daubert,* supra at 589-590 an experts opinion is admissible if it is based on the "methods and procedures of science" rather than the subjective belief or unsupported speculation," id. at 590. The *Daubert* court continued at page 590 and stated that; In short the requirement that an experts testimony pertain to "scientific knowledge" establishes a standard of evidentiary reliability. Referencing foot note 9, where court noted that scientist typically distinguish between "validity" (does the principal support what it purports to show?) and "Reliability" (does application of the principal produce consistent results?) Petitioner contends that the decision of the Michigan Court of Appeals is an objectionably unreasonable application of the standards set forth and adopted in *Daubert* and this court should grant the writ requested in this Petition.

The Michigan Supreme Court declined to make a ruling other than simply denying leave to appeal. Wherefore this writ should be granted.


## ISSUE III

**THE STATE COURTS DECISION WAS AN OBJECTIONABLY UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW WHERE THEY HELD THAT THERE WAS NO ISSUE IN THE CLAIM THAT APPELLANT WAS DENIED A FAIR TRIAL AND DEFENSE TRIAL COUNSEL WAS UNCONSTITUTIONALLY INEFFECTIVE IN FAILING TO MOVE FOR A MISTRIAL AFTER POLICE OFFICER TESTIFIED THAT HE COMPARED THE COMPOSITE SKETCH WITH A MUG SHOT OF APPELLANT AND COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT.**


For the sake of brevity, petitioner incorporates by reference the Statement of Facts from his

- 8 -

Michigan Court of Appeals brief in his appeal of right, filed on, May 12, 2014, found attached herewith as an exhibit within the Application for leave to appeal filed in the Michigan Supreme Court.

In this case, petitioner's brief on appeal to the Michigan Court of Appeals contended that he had a right to a fair trial prescribed for by *Lisenba v California*, 314 U.S. 219; 62 S.Ct. 280; 86 L.Ed 166 (1941) which protected Petitioner's due process from the state courts allowing of improper references to petitioners prior acts. The argument included a claim of the ineffective assistance of counsel. The Michigan Court of Appeals addressed the ineffective assistance claim without reference to the fair trial provisions protected by the due process. Petitioner contends that the Michigan court of appeals decision was an objectionably unreasonable application of the courts position held by the *Lisenba* court, wherein while addressing fundamental fairness, was held that;

"In addressing the state's decision to admit a confession, the court said, that; "The aim of the requirement of due process is not to exclude presumptively false evidence, but to prevent fundamental unfairness in the use of evidence whether true or false. …

As applied to a criminal trial, denial of due process is the failure to observe that fundamental fairness essential to the very concept of justice. In order to declare a denial of it we must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevents a fair trial. …" 314 U.S. at 236-237.

Within the context of the argument presented to the Michigan Court of Appeals it is apparent that all three of the officer's testimony made the state's case on the flamboyant personality of the petitioner whose conversational whims were twisted to meet the need to claim admission to positions fabricated by the persons alleged to be experts, i.e. policemen, in this case petitioner reiterates Michigan standards as said and claims the decisions rendered were a misapplication of the law and thus evidence of the objectionably unreasonable application of the *Lisenba* criteria, wherein counsels practices should have known and recognized the inadequacies of the witnesses

- 9 -

position and objected as well as moved for a mistrial where the state's law held that;

In *People v Unger*, 278 Mich App 210, 216; 749 NW2d 272 (2008) in making his determination, counsel should have known that Officer Jaber's testimony regarding opinion information on resemblances of photos and sketches was definitely acquired with the impression of his being an expert in the matters and the presentation to the jury was unwarranted on the record herewith.

Again the petitioner is compelled to note the objectionably unreasonable application of the U.S. Supreme Court's position held in *Daubert v Merrell Dow Pharms*, 509 U.S. 579; 113 S.Ct. 2786; 125 L.Ed. 469 (1993) upon which the *Unger* court relied and noted had been adopted by the State of Michigan.

In this case the Michigan Court of Appeals reviewed the issue for an abuse of discretion of the trial court's ruling on an evidentiary ruling, as prescribed for by *People v Unger*, 278 Mich App 210, 216; 749 NW2d 272 (2008). Petitioner notes that his position recognizes that the Michigan Rules of Evidence, at page 789-690 in the adopting order of the 2016 Michigan Supreme Court State at paragraph 4, it states in pertinent part that: ... pronouncement found in the original federal rules of evidence, from which the Michigan Rules of evidence were adopted. Petitioner contends that the use of federal rules in the adoption of the state court procedures, afforded that similar application by the state as exercised by the federal courts exhibited that error existed in the state court determinations when the United States Supreme Court had held similar matters irregular in the use of the federal rules of evidence to federal cases.

Petitioner contends that the state courts made an objectionably unreasonable determination, wherein The *Unger* Court noted that; "under Michigan Evidentiary law, which incorporates the requirements of the U.S. Supreme Court decision in *Daubert v Merrell Dow*

*Pharms*, 509 U.S. 579; 113 S.Ct. 2786; 125 L.Ed 469 (1993), foot noting a reference to *Gilbert v Daimler Chrysler Corp.*, 470 Mich 749, wherein the court noted that *Daubert* had concluded from the similar language in the federal rules of evidence 702 that; 'the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." Emphasis added. The *Gilbert* court noted that Michigan trial courts obligation under Michigan Rules of Evidence (702) is even stronger than that contemplated by FRE 702 at foot note 46, page 780 in *Gilbert*.

The *Gilbert* court noted further that; While the exercise of this gatekeeper role is within the courts discretion, a trial judge may neither 'abandon' this obligation nor 'perform the function inadequately, 'foot note 47 citing reliance on *Kumho Tire Co ltd v Carmichael*, 526 U.S. 137, 158-59; 119 S.Ct 1167; 143 LEd2d 238 (1999), in *Daubert* the proponent of expert testimony must establish that the testimony is reliable by showing that it is based on significant facts or data, that it "is the product of reliable principals and methods," and that the proposed expert witness "has applied the principals and methods reliably to the facts of the case." The *Unger* court noted that; "pursuant to *Daubert* and Mich. R. Evid 702, 'the trial courts role as gatekeeper does not require it to search for absolute truth, to admit only uncontested evidence or to resolve genuine scientific disputes. ....

Then referencing *Daubert,* supra at 589-590 an experts opinion is admissible if it is based on the "methods and procedures of science" rather than the subjective belief or unsupported speculation," id. at 590. The *Daubert* court continued at page 590 and stated that; In short the requirement that an experts testimony pertain to "scientific knowledge" establishes a standard of evidentiary reliability. Referencing foot note 9, where court noted that scientist typically distinguish between "validity" (does the principal support what it purports to show?)

- 11 -

and "Reliability" (does application of the principal produce consistent results?) Petitioner contends that the decision of the Michigan Court of Appeals is an objectionably unreasonable application of the standards set forth and adopted in *Daubert* and this court should grant the writ requested in this Petition.

The Michigan Supreme Court declined to make a ruling other than simply denying leave to appeal. Wherefore this writ should be granted.

## RELIEF REQUESTED

WHEREFORE, for the foregoing reasons Mr. Howard James McKnight respectfully requests this Honorable Court to GRANT this Petition for Writ of Habeas Corpus for the denial of his Constitutional right to have reasonable applications of U.S. Supreme Court precedent, and GRANT any other relief this Court deems proper and just.

Respectfully submitted,

Dated:  October 19, 2016

*Howard J. McKnight*

Mr. Howard J. McKnight, # 687302
Petitioner *Pro Se*
Michigan Reformatory
1342 West Main Street
Ionia, Michigan 48846

- 12 -

Mr. Howard James McKnight, 687302
Michigan Reformatory
1342 West Main St.
Ionia, Mi 48846

Clerk of the Court,
United States District Court
Western District of Michigan
Federal Bldg
110 Michigan Ave.
Grand Rapids, Mi 49503



**UNITED STATES POSTAL SERVICE ®**

**USPS TRACKING #**

9114 9999 4431 4733 9601 64

LAB400R Aug. 2013
7690-17-000-0669